Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd. Ste. 1860
Los Angeles, CA 90024
Phone:         310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWZ DIGITAL LLC, a Delaware Limited Liability Company; and<br><br>Plaintiff,<br><br>vs.<br><br>CAROLINE DALAL, an individual; and FLOWZ STAFFING LLC, a California Limited Liability Company; and DOES 1 through 20 inclusive;<br><br>Defendants. | Case No.: 2:25-cv-709<br><br>**PLAINTIFF'S COMPLAINT FOR: TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Flowz Digital LLC ("Plaintiff"), by and through their undersigned counsel, for their Complaint against Defendants Caroline Dalal and Flowz Staffing LLC, and Does 1 through 20, inclusive (collectively, "Defendants"), allege as follows:

# INTRODUCTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill it has developed in its distinctive "Flowz" trademark. Plaintiff's federally-registered trademark has gained a reputation in connection with the business and staffing services offered by Plaintiff.

2. The goodwill and reputation that Plaintiff has worked to cultivate are being threatened by Defendants' actions. Defendants have used and continue to use the "Flowz" mark or a confusingly similar mark in connection with competing services, which is likely to cause confusion among consumers. Unless Defendants are enjoined from using the "Flowz" trademark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

3. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement.

# PARTIES

4. Plaintiff Flowz Digital, LLC ("Flowz Digital" or "Plaintiff") is a limited liability company organized under the laws of Delaware and is a wholly owned subsidiary of Office Beacon, LLC, with its principal place of business in Los Angeles, California.

5. Upon information and belief, Defendant Caroline Dalal ("Ms. Dalal") is, and at all times mentioned was, an individual residing in Los Angeles County, California.

6. Upon information and belief, Defendant Flowz Staffing LLC ("Flowz Staffing") is a California limited liability company owned and operated by Ms. Dalal, with principal address at 8605 Santa Monica Blvd. #911416, West Hollywood, CA 90069.

7. Defendants DOES 1 through 20, inclusive, are persons or entities whose acts, activities, misconduct, or omissions at all times material hereto make them jointly and severally liable under the causes of action set forth here. The true names and capacities of the Doe defendants are presently unknown, but when ascertained, Plaintiff will request leave of the Court to amend the operative pleading to substitute their true names and capacities.

8. Plaintiff is informed and believes, and so alleges, that at all relevant times, except where otherwise indicated, each Defendant was the agent, servant, joint venture, co-conspirator, and/or employee of some or all of the remaining Defendants, and in doing the things alleged, was acting within the course and scope of that relationship and with the full permission and consent of such Defendants. Plaintiff is informed and believes, and on that basis alleges, that each Defendant ratified, approved, and adopted as their own some or all of the acts of each of the other Defendants. Plaintiff is informed and believes, and on that basis alleges that each of the Defendants materially aided in some or all of the violations of the other Defendants.

## JURISDICTION AND VENUE

9. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves a federal question under the Lanham Act.

11. Venue is proper in this Court because all events described in this Complaint took place within the jurisdictional boundaries of the Court. This Court has personal jurisdiction over Defendants because all have done and currently are

doing business in the County of Los Angeles, State of California, and/or some or all of the Defendants reside within the County of Los Angeles and this District.

## FACTUAL ALLEGATIONS

12. Plaintiff Flowz Digital LLC is the sole owner of the federally registered trademark "Flowz" with Registration No. 6136190, duly registered on August 25, 2020, under the International Class 35 for outsource service provider in the field of business management. The trademark was first used in commerce on January 1, 2020, and has continuously been used in the business of providing outsourcing services in various capacities, enhancing its distinctiveness and recognition in the business community. *See* EXHIBIT A.

13. Despite the clear and lawful ownership of the "Flowz" trademark by the Plaintiff, Defendant Caroline Dalal, who had served as the CEO of the Plaintiff's parent company, and was intimately familiar with the brand and its operations, began utilizing the "Flowz" mark in mid-2024 under the guise of a newly formed entity named Flowz Staffing LLC. *See* EXHIBIT B. This use was unauthorized and has been deliberately calculated to leverage the goodwill associated with Plaintiff's trademark.

14. The specific actions taken by Ms. Dalal include establishing a website under the domain name www.flowzstaffing.com and the email domain @flowz.la, where she advertises services that directly compete with those offered by the Plaintiff. *See* EXHIBIT C. Additionally, the Plaintiff originally created and owned social media accounts on platforms including, but not limited to, Facebook (Flowz), Twitter (@flowzstaffing), LinkedIn (Flowz Staffing), and Instagram (@flowzstaffing). However, the Defendant has unlawfully taken over these accounts, posting content and securing articles falsely claiming that the Plaintiff's parent company has rebranded to Flowz Staffing. *Id*. Moreover, Ms. Dalal has directly communicated with existing clients of the Plaintiff and/or its parent

company, falsely representing her new business as a continuation or affiliate of the Plaintiff, thereby misleading clients and sowing confusion in the market. *See* EXHIBIT D.

15. Evidence of actual confusion has been documented through customer inquiries and complaints directed at the Plaintiff, wherein customers expressed confusion regarding the relationship between Flowz Staffing, on one hand, and Office Beacon and Flowz Digital, LLC, on the other hand. These instances are direct consequences of Ms. Dalal's actions to portray her business as being associated with the Plaintiff's registered trademark. *Id.*

16. Adding to the complexity of the infringement, Ms. Dalal attempted to participate in the Promotional Products Association (PPAI) tradeshow in January 2025, intending to represent her services under the "Flowz" brand. This act risked further confusion among industry participants and potential customers. Her participation was addressed in a Cease and Desist letter dated December 5, 2024, highlighting the severity of the infringement and the potential for escalating damages to the Plaintiff's brand. Following an investigation, PPAI decided to terminate the exhibitor privileges of Flowz Staffing and Caroline Dalal. *See* EXHIBIT E.

17. The unauthorized use of the "Flowz" trademark by the Defendants is willful and represents a blatant disregard for the established trademark rights of the Plaintiff. Ms. Dalal's previous position at Plaintiff's parent company, Office Beacon, provided her with detailed knowledge of the trademark's value and the strategic market use associated with it. She has exploited this knowledge to gain an unfair competitive advantage.

18. The ongoing infringement has necessitated legal action in multiple jurisdictions, including but not limited to, a pending Superior Court action in California (24STCV33167), and the successful obtaining of an interim court order in South Africa that prohibited Ms. Dalal from using the "Flowz" trademark and approaching the Plaintiff's and/or its parent company clients. *See* EXHIBIT F.

Despite such legal admonitions, Ms. Dalal has continued her infringing activities, demonstrating a clear and persistent intent to disregard the Plaintiff's trademark rights. Notably, following the South African court order, Ms. Dalal has maintained the website www.flowzstaffing.com, as well as associated social media accounts on various platforms. She actively continues to advertise and offer services under the "Flowz" trademark, flagrantly ignoring the judicial mandate and evidencing her bad faith and deliberate infringement. These actions underline Defendants disregard for legal processes and the proprietary rights of the Plaintiff and its parent company.

19. The Plaintiff's business reputation and the distinctive quality of the "Flowz" trademark are at risk due to the market confusion created by the Defendants. This confusion threatens the business relationships and market position that the Plaintiff has carefully developed over several years.

### **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

20. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-19 inclusive, as though fully set forth.

21. Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1).

22. Plaintiff has continuously used and promoted its "Flowz" mark in interstate commerce in connection with business management and outsourcing services since at least January 1, 2020.

23. Plaintiff is the owner of a federal trademark registration, Reg. No. 6136190, which issued on August 25, 2020, on the principal register of the United States Patent and Trademark Office (USPTO). This registration for the "Flowz" mark covers outsource service providers in the field of business management under International Class 35. The registration is valid and subsisting.

24. Plaintiff has invested substantial time, effort, and financial resources promoting its "Flowz" mark in connection with the marketing and offering of its services in interstate commerce. The "Flowz" mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its goodwill. The consuming public recognizes the "Flowz" trademark and associates it with Plaintiff.

25. Notwithstanding Plaintiff's established rights in the "Flowz" mark, upon information and belief, Defendants adopted and used the confusingly similar trademark "Flowz Staffing."

26. The use and public representation of the "Flowz Staffing" mark are likely to cause confusion, mistake, and deception among consumers, as it is substantially similar to Plaintiff's established trademark. This similarity is evident through the direct use of the "Flowz" element within both marks. Furthermore, Flowz Staffing operates in the same regions and offers identical services as Plaintiff and its parent company, often utilizing the same marketing channels, which significantly increases the likelihood of confusion among consumers.

27. Additional evidence of the confusion created by the similarity of the marks comes from firsthand accounts of Plaintiff and its clients. For instance, an email from a client named Jamie dated August 6, 2024, explicitly states: "I have received the attached email from Caroline Dalal this morning. The information she provides completely contradicts the information that was provided to us in the email correspondence below. As a client, this situation is making us feel incredibly uneasy... Please can we have more transparent information about this situation. We can see that Caroline shares the same last name as Pranav – are we to assume we are stuck in the middle of a family dispute?" This email not only highlights the confusion but also expresses the client's discomfort due to the perceived instability caused by this dispute. *See* EXHIBIT C.

28. Another client, Matt, in an email dated August 1, 2024, after a meeting with Caroline and her team, voices his confusion: "Thanks, Dave; it was nice meeting you as well. I am confused as these contacts are listed as Office Beacon contacts... Can you clarify if these are the contacts for the Flowz OPS team or for the Office Beacon services you provide to us for Order Enter and Artwork?" This interaction further indicates the direct impact of the trademark infringement on Plaintiff's business relationships. *Id.*

29. Moreover, an email from another concerned client on August 4, 2024, underscores the ongoing confusion and its effect on client trust: "I'm very concerned and confused about this situation. We are receiving emails from both sides. With the conflicting information, I'm losing trust in your company. I need to know which invoices are legitimate... I'm swamped this week and can't take a call. Please send me the details by email as soon as possible." *Id.* This message not only reflects confusion but also frustration and a diminishing trust in the integrity of the services provided by Plaintiff.

30. These excerpts from client communications clearly demonstrate the actual confusion and business disruption caused by the Defendants' use of a trademark strikingly similar to the Plaintiff's, confirming the significant risk of mistake and deception among the consumer base.

31. Without Plaintiff's consent, Defendants have used and continues to use the infringing mark and Defendants have engaged in its infringing activity despite having notice of Plaintiff's federal registration rights.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual notice of Plaintiff's intellectual property rights, particularly due to Caroline Dalal's previous role as CEO of Office Beacon, the Plaintiff's parent company. During her tenure, she was directly involved in strategic decisions and had access to confidential information concerning the trademark and its associated rights. Defendants' use and infringement of the trademark is therefore willful,

deliberate, and intentional, evidenced by Ms. Dalal's detailed knowledge of the intellectual property involved and her direct involvement in the activities that are now in contention.

33. Defendants' unauthorized use of the "Flowz Staffing" mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

34. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

35. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered "Flowz" trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

B. Permanently enjoining and restraining the Defendants and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark "Flowz" or "Flowz Staffing," with or without an accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendants' services

where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's "Flowz" mark;

C. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

E. Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for its "Flowz Staffing" mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiff's mark.

F. Ordering Defendants to cease the use of the https://www.flowzstaffing.com/ domain name and @flowz.la email domain name;

G. Ordering Defendants to cease the use of the following social media platform accounts: Facebook (Flowz), Twitter (@flowzstaffing), LinkedIn (Flowz Staffing), and Instagram (@flowzstaffing);

H. Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

J. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

K. Granting Plaintiff such other and further relief as the Court may deem just.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 27th day of January, 2025.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff,
Flowz Digital LLC