Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd. Ste. 1860
Los Angeles, CA 90024
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWZ DIGITAL LLC, a Delaware Limited Liability Company; and<br><br>Plaintiff,<br><br>vs.<br><br>CAROLINE DALAL, an individual; and FLOWZ STAFFING LLC, a California Limited Liability Company; and DOES 1 through 20 inclusive;<br><br>Defendants. | Case No.: 2:25-cv-709<br><br>**PLAINTIFF'S DISCLOSURE REGARDING USE OF ARTIFICIAL INTELLIGENCE AND CLARIFICATION OF AUTHORITIES CITED IN OPPOSITION TO MOTION TO DISMISS**<br><br>*[Declaration of Omid E. Khalifeh Submitted Concurrently]* |

Pursuant to the Court's Minute Order dated April 25, 2025, and in compliance with Section F.2 of the Court's Civil Standing Order, Plaintiff Flowz Digital LLC, by and through undersigned counsel, respectfully submits this disclosure regarding

the use of artificial intelligence and clarification of legal authorities cited in its opposition to Defendants' Motion to Dismiss.

### I.     Use of Artificial Intelligence

Counsel for Plaintiff confirms that a portion of the initial draft of Plaintiff's opposition was prepared with the assistance of Lexis+ AI, an artificial intelligence legal research tool developed by LexisNexis. Lexis+ AI was used in the early stages of drafting to help identify potentially relevant authorities and organize the structure of arguments.

All AI-assisted content was subsequently reviewed, edited, and revised by counsel to ensure accuracy, relevance, and compliance with all legal and professional standards. The final content reflects the independent legal judgment of undersigned counsel.

In addition, counsel referenced prior oppositions to motions to dismiss that had been filed in unrelated matters before the United States District Court for the Central District of California. Those filings contained case law and argument structures that were repurposed in this opposition. Counsel had previously reviewed and verified the accuracy and applicability of those authorities at the time of their original use and determined that their continued inclusion was appropriate in this matter. The prior filings were also consulted to ensure formatting consistency and procedural conformity with local practice.

A declaration executed by undersigned counsel, disclosing the use of Lexis+ AI and certifying that the content has been reviewed and complies with Rule 11 of the Federal Rules of Civil Procedure, is submitted concurrently herewith. (*See* Declaration of Omid E. Khalifeh ¶¶ 2–5.)

## II. Clarification of Cited Authorities

All authorities cited in Plaintiff's opposition brief are published judicial decisions from courts within the United States. Plaintiff relied on these authorities in good faith and selected them based on their relevance to the legal theories presented.

Plaintiff understands the Court's concern that certain citations may not have been optimally tailored to the specific procedural posture or statutory context of this case. In particular, *Shell Petroleum N.V. v. Republic of Costa Rica*, 608 F. Supp. 2d 269 (S.D.N.Y. 2009), was cited for its general discussion distinguishing direct and derivative claims. Although accurate in principle, the case arises in the context of foreign investment treaty arbitration and is not directly on point for a Lanham Act dispute. Plaintiff is prepared to remove or substitute this authority if the Court deems it inappropriate. *S.E.C. v. Cross Financial Services, Inc.*, 908 F. Supp. 718 (C.D. Cal. 1995), was cited for the broader proposition that factual disputes are not properly resolved on a motion to dismiss. While Plaintiff believes this is a generally accepted principle and the citation was included in that spirit, counsel acknowledges that the context of the case (securities enforcement) may limit its persuasive weight in this setting. *Sparling v. Daou*, 411 F.3d 1006 (9th Cir. 2005), was cited to support the distinction between direct and derivative claims. While that distinction is relevant here, Plaintiff recognizes that Sparling arose under the Private Securities Litigation Reform Act and that its factual context differs from this action. Plaintiff included the case to support a general legal framework but is open to substituting it if the Court would prefer an authority more directly tied to trademark or Limited Liability Company governance principles.

All remaining authorities are directly applicable to the issues raised, and Plaintiff submits that its reliance on those decisions was proper and consistent with Rule 11. An explanation of the relevance of each case cited in the Opposition is included in **ANNEX A** to this filing.

### III. Conclusion

Plaintiff appreciates the Court's attention to these issues and will ensure that future filings present clearly tailored and independently verified citations. Plaintiff stands ready to amend or supplement the opposition brief, and respectfully submits that this disclosure and attached declaration comply with the Court's Civil Standing Order.

RESPECTFULLY SUBMITTED this 1st day of May, 2025.

                                        **OMNI LEGAL GROUP**

                                        /s/ Omid E. Khalifeh
                                        Omid E. Khalifeh
                                        Ariana Santoro
                                        Louise Jillian Paris
                                        Attorneys for Plaintiff,
                                        Flowz Digital LLC

# ANNEX A
## EXPLANATORY TABLE OF AUTHORITIES
Plaintiff's Opposition to Motion to Dismiss
Flowz Digital LLC v. Caroline Dalal, et al.
Case No.: 2:25-cv-00709 SB (PVCx)

This Annex provides explanations of the legal authorities cited in Plaintiff's Opposition to Defendants' Motion to Dismiss, filed April 4, 2025. It is submitted in connection with Plaintiff's May 1, 2025 disclosure pursuant to the Court's April 25, 2025 Minute Order.

| No. | Case Name & Citation | Jurisdiction | Relevance |
|---|---|---|---|
|  | Ashcroft v. Iqbal, 556 U.S. 662 (2009) | U.S. Supreme Court | This case clarified that legal conclusions must be supported by factual allegations sufficient to support a plausible claim for relief. Plaintiff cites Iqbal to argue that its Complaint goes beyond conclusory labels and provides detailed facts that support plausible Lanham Act and unfair competition claims. |
| 2 | Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) | U.S. Supreme Court | Twombly introduced the 'plausibility' standard under Rule 8, rejecting purely speculative pleading. It supports Plaintiff's contention that the facts alleged demonstrate a credible theory of liability rather than mere conclusions. |
| 3 | Brehm v. Eisner, 746 A.2d 244 (Del. 2000) | Delaware Supreme Court | Brehm sets forth the legal standard for evaluating demand futility in shareholder derivative actions. Plaintiff references Brehm to explain why Defendants' reliance on derivative principles is misplaced, as the Complaint asserts claims directly on behalf of the company. |
| 4 | Comm. for Idaho's High Desert v. Yost, 92 F.3d 814 (9th Cir. 1996) | Ninth Circuit | This case supports the imposition of personal liability on individuals who are the active force behind trademark infringement. Plaintiff alleges that Caroline Dalal personally directed and implemented the infringing activities, making Yost directly applicable. |
| 5 | Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725 (9th Cir. 1999) | Ninth Circuit | The Coastal Abstract decision reaffirmed that individual actors can be personally liable under the Lanham Act where they play a central role in the infringement. This reinforces Plaintiff's claims against Ms. Dalal. |

| 6 | Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014) | U.S. Supreme Court | Lexmark clarified statutory standing under the Lanham Act, requiring a showing that the plaintiff's injuries fall within the zone of interests and are proximately caused by the defendant's conduct. Plaintiff cites this to establish that its injuries are actionable under the statute. |
|---|---|---|---|
| 7 | Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992) | U.S. Supreme Court | Lujan outlines the three-pronged test for Article III standing: injury in fact, causation, and redressability. Plaintiff relies on this framework to support federal jurisdiction over its claims. |
| 8 | Safe Air for Everyone v. Meyer, 373 F.3d 1035 (9th Cir. 2004) | Ninth Circuit | This case distinguishes between facial and factual challenges to subject matter jurisdiction under Rule 12(b)(1). Plaintiff uses it to argue that Defendants' jurisdictional challenge involves factual disputes that cannot be resolved on a motion to dismiss. |
| 9 | S.E.C. v. Cross Fin. Servs., Inc., 908 F. Supp. 718 (C.D. Cal. 1995) | C.D. Cal. | Cross Financial was cited for the proposition that factual disputes regarding corporate structure or control are not appropriately resolved at the pleading stage, particularly on a motion to dismiss under Rule 12(b)(1). In *Cross Financial*, the court rejected a jurisdictional challenge by a nominal relief defendant who claimed an interest in disputed funds, finding that the existence of such an interest was a factual issue that could not be resolved without further development of the record. Plaintiff cited the case in good faith to support the broader principle that when questions of ownership, control, or entitlement to corporate assets are raised, such disputes require a factual inquiry and are not a proper basis for dismissal at the threshold stage. While the procedural posture in *Cross Financial* differs from the present matter, the case supports Plaintiff's position that Defendants' arguments, centered on disputed issues of governance, do not justify dismissal under Rule 12(b)(1). |
| 10 | Shell Petroleum N.V. v. Republic of Costa Rica, 608 F. | S.D.N.Y. | Shell Petroleum was was cited for its general discussion distinguishing direct from derivative claims. Plaintiff, a Delaware limited liability company, cited |

| | | | |
|---|---|---|---|
| | Supp. 2d 269 (S.D.N.Y. 2009) | | the case in good faith to illustrate that Rule 23.1 does not apply when an entity brings claims on its own behalf for harm it directly suffered. While Shell Petroleum does not concern trademark law specifically, its reference to the distinction between direct and derivative actions remains relevant. Nonetheless, Plaintiff acknowledges that the case's application to the present trademark dispute is tangential, and the citation may be removed or substituted with a more directly applicable authority. |
| 11 | Sparling v. Daou, 411 F.3d 1006 (9th Cir. 2005) | Ninth Circuit | Plaintiff cited Sparling, to support the broader principle that when a party asserts claims based on injuries it directly suffered, such claims are properly treated as direct rather than derivative. While Sparling arose in the context of securities fraud, the Ninth Circuit allowed investors to proceed with claims based on losses they personally incurred due to alleged misstatements, without invoking derivative pleading standards under Rule 23.1. The decision reflects a foundational distinction between claims brought to redress harm to the entity itself and those brought derivatively on behalf of another party. <br> In the present case, Plaintiff is bringing claims in its own name under the Lanham Act to redress harm to its trademark and reputation. These are not claims asserted by a member on behalf of the entity, nor do they seek recovery for harm suffered collectively by all members or the company as a whole. Rather, Plaintiff is the registrant and owner of the mark at issue and seeks to enforce its own rights. The citation to Sparling therefore supports Plaintiff's position that this action is properly characterized as direct. Although Sparling does not explicitly analyze the derivative/direct distinction under Rule 23.1, it illustrates the principle that when the party before the court is the one harmed and entitled to relief, the action is direct and Rule 23.1 is inapplicable. |

| 12 | Usher v. City of L.A., 828 F.2d 556 (9th Cir. 1987) | Ninth Circuit | Usher is a foundational case affirming that factual allegations must be accepted as true on a Rule 12(b)(6) motion. It supports Plaintiff's position that the Complaint must be evaluated on its face without factual contradiction. |

AI DISCLOSURE