UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWZ DIGITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLINE DALAL et al.,<br><br>    Defendants. | Case No. 2:25-cv-00709-SB-PVC<br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

The Court's Civil Standing Order requires a party who uses generative artificial intelligence (AI) in drafting any portion of a filing to provide "a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations." Dkt. No. 11 at 6.

After identifying potential errors in the opposition to Defendants' motion to dismiss, the Court ordered Plaintiff to disclose whether AI was used to generate any portion of its brief. In response, Plaintiff's counsel, Omid Khalifeh, filed a declaration revealing that an AI tool was used in the early stages of drafting to "assist in identifying potentially relevant legal authorities and [to organize the] arguments presented." Dkt. No. 28-1. Counsel gives no reason for his noncompliance with the Standing Order.

Nor does Plaintiff's response assuage the Court's concerns about the errors in its opposition to the motion to dismiss. The relevance of two of Plaintiff's cited cases—*In re Daou Systems, Inc.*, 411 F.3d 1006 (9th Cir. 2005) and *S.E.C. v. Cross Financial Services, Inc.*, 908 F. Supp. 718 (C.D. Cal. 1995)—appears to be tenuous. Counsel states that he cited to *In re Daou Systems* "to support the broader principle that when a party asserts claims based on injuries it directly suffered, such claims are properly treated as direct rather than derivative." Dkt. No. 28 at 7.

1

That case, however, did not address the difference between direct and derivative actions. He explains that he cited to *S.E.C. v. Cross Financial Services, Inc.* "for the proposition that factual disputes regarding corporate structure or control are not appropriately resolved at the pleading stage." *Id.* at 6. It is not clear to the Court how that case—which addressed subject-matter jurisdiction over a nominal defendant in the context of the federal securities laws—is relevant to the instant action. *See Cross Financial Services*, 908 F. Supp. at 729–32 (rejecting argument that court did not have subject-matter jurisdiction over defendant where S.E.C. did not allege that defendant had violated the securities laws).

Moreover, after multiple search attempts, the Court is unable to locate *Shell Petroleum N.V. v. Republic of Costa Rica*, 608 F. Supp. 2d 269 (S.D.N.Y. 2009). Plaintiff shall attach the case to its response to this order to show cause.

Plaintiff is ordered to show cause, in writing, by May 12, 2025, why it and its counsel should not be sanctioned under: (1) Rule 16(f) for violating the Court's Standing Order; and (2) Rule 11 for filing an opposition without performing a reasonable inquiry into whether its legal contentions are supported.[1]

Date: May 5, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Although this case has been stayed and administratively closed for docket-management purposes, the Court retains jurisdiction to issue sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."); *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988) (noting that district court had jurisdiction to impose sanctions even after filing of notice of appeal from decision on the merits).