cc: Fiscal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWZ DIGITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLINE DALAL et al.,<br><br>    Defendants. | Case No. 2:25-cv-00709-SB-PVC<br><br>ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL |

    After Plaintiff's counsel admitted that he failed to disclose his use of artificial intelligence (AI) in preparing the opposition to Defendants' motion to dismiss, the Court issued an order to show cause (OSC) why Plaintiff and its counsel should not be sanctioned for (1) violating the Court's Civil Standing Order and (2) failing to conduct a reasonable inquiry before filing its opposition. Plaintiff filed a written response to the OSC. Because counsel violated the Standing Order and failed to adhere to his obligations under Federal Rule of Civil Procedure 11, sanctions are warranted under Rules 16(f) and 11.

I.

    After Defendants moved to dismiss the complaint, Plaintiff filed an opposition. The Court expressed concern that the opposition "cites to a case that does not appear to exist and cites to others that do not appear relevant to its arguments" and ordered Plaintiff to disclose whether it had used AI to generate any portion of its opposition, as required by the Standing Order.[1] Dkt. No. 26. In

---

[1] Under the Court's Civil Standing Order, a party who uses AI to "generate any portion" of a filed document must provide "a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations." Dkt. No. 11 at 6.

response, Plaintiff's counsel, Omid Khalifeh, disclosed that he had used Lexis+ AI in preparing the initial draft of the opposition, stressing that any "AI-assisted content was subsequently reviewed, edited, and revised by counsel." Dkt. No. 28 at 2; Dkt. No. 28-1 ¶ 4 (declaration affirming that counsel reviewed the brief and verified its accuracy). As to the cited cases, counsel stated that "[a]ll authorities cited in Plaintiff's opposition brief are published judicial decisions from courts within the United States," but acknowledged that "certain citations may not have been optimally tailored to the specific procedural posture or statutory context of this case." Dkt. No. 28 at 3.

The response, however, did not explain counsel's noncompliance with the Standing Order and did not ameliorate the concerns about the cited cases—i.e., that two cases had tenuous relevance and that the Court was unable to find another, "*Shell Petroleum N.V. v. Republic of Costa Rica*, 608 F. Supp. 2d 269 (S.D.N.Y. 2009)." Accordingly, the Court issued an OSC re sanctions. Dkt. No. 30. Contrary to his prior statements, counsel filed a response acknowledging that *Shell Petroleum* was a nonexistent case fabricated by Lexis+ AI. Dkt. No. 34.

## II.

The Court has authority under Rules 11 and 16 to sanction Plaintiff's counsel. Under Rule 11(b), an attorney, by filing any paper with a court, certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the legal and factual contentions in the paper have a basis in law and fact. If a court determines that Rule 11(b) has been violated, "after notice and a reasonable opportunity to respond," it may impose an appropriate sanction on the party or attorney responsible for the violation. Fed. R. Civ. P. 11(c). A court has "wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). In addition, a court has authority under Rule 16(f) to sanction a party or attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990) ("An award of sanctions under Fed. R. Civ. P. 16(f) is within the discretion of the district court.").

Plaintiff's counsel repeatedly violated Rule 11. His citation to cases with dubious relevance, which appears to stem from undiscerning reliance on AI, is concerning. More troubling is his citation to a fictious case, *Shell Petroleum*, and failure to acknowledge this fact when initially questioned about it. Citing fabricated legal authority is, of course, irreconcilable with Rule 11's requirements.

Good faith use of an AI tool—even where the tool is on a reputable platform and held out as dependable—is no excuse. Dkt. No. 34 at 5–6 (counsel stating his belief that *Shell Petroleum* was legitimate because LexisNexis had advertised Lexis+ AI as reliable and accurate); *id.*, Ex. B at 11 (website touting Lexis+ AI as minimizing the risks of AI "hallucination"—i.e., fabrications). Rule 11 demands more. *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991) ("A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive."); *see Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("A violation of [Rule 11] does not require subjective bad faith.").

Counsel ran afoul of Rule 11 in two ways. First, he concededly failed to verify the existence of a case cited in his opposition. He notes that Lexis+ AI provided *Shell Petroleum* with "what appeared to be a complete caption, federal reporter citation, and summary," but had he simply entered that citation into a legal research database he would have discovered the error.[2] Dkt. No. 34 at 5. The failure to take that step was unreasonable. Second, counsel compounded the violation when responding to the Court's inquiry about the citations. He again failed to check the citation and misrepresented that: (1) all authorities cited were "published judicial decisions from courts within the United States" (Dkt. No. 28 at 3); and (2) he "independently verified the factual and legal accuracy of the content" in the opposition (Dkt. No. 28-1 ¶ 4).

Plaintiff's counsel also violated the Court's standing order. His response to the OSC concedes that he failed to disclose his use of AI. Dkt. No. 34 at 2–3. The fact that this failure was an "inadvertent oversight" (Dkt. No. 34 at 2) is immaterial. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming Rule 16 sanctions for unintentional noncompliance); *see also Glob. Med Grp., LLC v. New High Ltd.*, No. 22-CV-6031-CAS, 2023 WL 8125839, at *2 (C.D. Cal. Oct. 5, 2023) (collecting cases finding that Rule 16 sanctions do not require willful, intentional, or bad faith conduct).

---

[2] LexisNexis warns users of the risk that its AI may provide an inaccurate citation. Dkt. No. 34, Ex. B at 13 ("In the rare instance where a citation provided by Lexis+ AI does not include a link, users should always review the citation for accuracy."); *id.*, Ex. A. at 10 (screenshot of chat with Lexis+ AI about *Shell Petroleum* in which the case citation is not hyperlinked).

3

Accordingly, the Court SANCTIONS Plaintiff's counsel who signed the violative filings, Omid Khalifeh, in the amount of $3,500 to be paid into the Fiscal Section of the Clerk's Office no later than July 7, 2025.  By that same date, counsel also shall notify the California State Bar of the sanction, attaching a copy of this order.  Proof of payment and notification shall be filed by July 11, 2025.

Date: May 30, 2025

                                          Stanley Blumenfeld, Jr.
                                        United States District Judge